## THE CLAY FIRE & MARINE INS. CO. *v.* HICKMAN.

### HAZELTON DECOURACY V. HICKMAN.

[Abstract Kentucky Law Reporter, Vol. 6—308.]

**Mortgagor's Right to Insurance.**

> When a house on mortgaged real estate is insured against fire and burns, the mortgagor is entitled to the money collected from the insurance company, where no agreement exists between the parties that it shall be payable to the mortgagee.

## APPEALS FROM CAMPBELL CHANCERY COURT.

October 2, 1884.

OPINION BY JUDGE PRYOR:

We can not adjudge that any personal liability was assumed by the appellee to pay the debts of the appellants by the acceptance of the conveyance from her mother. Mrs. Hickman purchased the property subject to the claims of the appellants who were the mortgagees. She acquired no such title as would defeat the mortgage liens and in order to make the title she did acquire perfect she would have been compelled to satisfy those liens. But this would have been altogether voluntary on her part and if she failed to satisfy the liens, the mortgagees could have applied to the chancellor and had the land sold making any claim of the appellee by reason of her purchase subordinate to that of the mortgagees. This we understand has been done and when subjecting the property to their debts no personal liability arises for any balance due as no such liability ever existed. It was a naked purchase of real estate subject to the liens of the mortgagees and so the deed reads in express terms under which the appellee claims.

It is said that the insurance on the property was for the mother's benefit and not that of Mrs. Hickman. That Mrs. Hickman had loaned her mother money and taken mortgages on the property before the absolute conveyance was made is clearly shown, and that

there was an indebtedness at the date of that deed from the mother to the daughter of $4,800 is equally manifest. Mrs. Hickman had then an insurable interest in the property. She could not have been intending to defraud the appellants because they held mortgages that were given the preference by the very deed under which the daughter claimed. This insurance was intended as a personal indemnity to the daughter. It was not an incident to the land, nor did it pass with it. If it was insured for too much or too little it did not affect the appellants. This was a question between Mrs. Hickman and the insurance companies. There is no proof that the mother paid any part of the insurance money or that she derived any benefit from it. If the building on the realty had not burned the whole would have been liable for the two liens but the house having burned, there was not enough remaining to satisfy the debts. This can not affect Mrs. Hickman's right to the insurance. She effected the insurance and paid the premiums. It was done for her, and we see no reason why it should be taken from her and paid to the mortgagees. See *Carpenter v. Providence Washington Insurance Company,* 16 Pet. (U. S.) 495, 10 L. ed. 1044.

When the mortgagor insures on his own account, remaining personally liable to the mortgagees, the mortgagor is entitled to the insurance money. The insurance is not attached to or an incident to the mortgage.

Judgment *affirmed.*

*E. W. Hawkins, Geo. R. Fearons,* for appellants.

*F. M. Webster,* for appellees.